NOT FOR PUBLICATION                                                    (Doc. No. 8)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

---

|  |  |  |
|---|---|---|
| MOUSSA SHIMISANY, | : | |
| Plaintiff, | : | |
|  | : | Civil No. 16-1755 (RBK/JS) |
| v. | : | |
| JOHN E. THOMPSON; | : | **OPINION** |
| et al. | : | |
| Defendants. | : | |

---

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants John E. Thompson, Leon Rodriguez, Jeh Johnson, Loretta Lynch, and James Comey[1] (collectively, "Defendants")'s Motion to Dismiss (Doc. No. 8). In his First Amended Complaint, Plaintiff Moussa Shimisany ("Plaintiff") asserts a claim for mandamus against Defendants for their allegedly unlawful denial of several immigration applications. Lori Scialabba (Acting Director, U.S. Citizenship and Immigration Services), John F. Kelly (Secretary, Department of Homeland Security), and Jeff Sessions (Attorney General of the United States), are hereby substituted for Defendants Rodriguez, Johnson, and Lynch. For the reasons stated herein, Defendants' Motions to Dismiss is **GRANTED**.

---

1. The Court notes that several of the defendants named in their official capacity have separated from office. Federal Rule of Civil Procedure 25(d) dictates that an "officer's successor is automatically substituted as a party" and that "[t]he court may order substitution at any time." Accordingly the Court orders that Lori Scialabba be substituted for defendant Leon Rodriguez, John F. Kelly be substituted for defendant Jeh Johnson, and Jeff Sessions be substituted for defendant Loretta Lynch.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

This suit concerns circumstances surrounding Plaintiff's immigration status. Plaintiff alleges that he first entered the United States as a business visitor on April 14, 2011. First Amended Complaint ("FAC") ¶ 15 (Doc. No. 7). Plaintiff alleges that he has never been charged or convicted of an offense in the United States or elsewhere, nor has he ever been unlawfully present in the United States. *Id.* ¶¶ 16-18.

Plaintiff is a national of Lebanon domiciled in Voorhees, New Jersey. *Id.* ¶ 9. Plaintiff was married from June 1, 1998 to May 30, 2001 to Renate Stracke, a German citizen. *Id.* ¶ 19. Plaintiff then married Tina Chaalan (a United States citizen) in 2011. Ms. Chaalan subsequently filed a Petition for Alien Relative ("I-130") along with Plaintiff's Application for Adjustment of Status ("I-485"). *Id.* ¶ 20. Plaintiff and Chaalan divorced on or about June 23, 2014, before the I-130 and I-145 were processed. *Id.* Plaintiff married Farah Haidar (a United States citizen) on or about July 14, 2014. *Id.* ¶ 21. Haidar filed a new I-130 on behalf of Plaintiff and Plaintiff filed a new I-485 on or about August 6, 2014. *Id.* ¶ 22. Plaintiff applied for an I-131 to travel outside of the United States, which was approved by the United States Customs and Immigration Service ("USCIS") on or about March 20, 2015. *Id.* ¶ 23. The I-131 allowed Plaintiff to travel outside of the United States for the period between March 20, 2015 and March 19, 2016. *Id.* ¶ 24.

Plaintiff alleges that Defendants are required to process background checks of applicants for adjustment within six months of their application; the applicant may demand mandamus relief in district court if their check is not completed within six months. *Id.* ¶¶ 29-30. Plaintiff's immigration counsel allegedly performed an "Infopass" regarding Plaintiff's August 6, 2014

---

2. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

application on March 19, 2015 and again on July 23, 2015. *Id.* ¶ 32. Counsel was informed that the delay was related to background checks. *Id.* Counsel e-mailed a Supervisory Immigration Services Officer ("SO") at the Mount Laurel Sub-District Office on September 30, 2015 to follow up. *Id.* ¶ 33. The SO allegedly confirmed that Plaintiff's security checks were pending and advised counsel that Plaintiff would be interviewed once the background checks were completed. *Id.*

Plaintiff's immigration counsel contacted the SO in Mount Lauren again on January 26, 2016. *Id.* ¶ 34. The SO responded on February 2, 2016, stating that the office was still attempting to resolve background check issues. *Id.* The SO also allegedly informed counsel that Plaintiff's case was with the Fraud Detection and National Security Unit. *Id.*

Plaintiff's immigration counsel spoke with the SO in Mount Laurel in person on February 25, 2016. *Id.* ¶ 35. The SO purportedly indicated that the best way to get Plaintiff's case moving would be to file a mandamus action. *Id.*

Plaintiff's I-130 and I-485 were denied on March 4, 2016. *Id.* ¶ 36. Defendants denied these applications without first scheduling an interview with Plaintiff. *Id.* Defendants then revoked Plaintiff's I-131 on March 7, 2016. *Id.* ¶ 37. Defendants allegedly explained that Plaintiff's applications and documents were denied/revoked because they never received proof of Plaintiff's divorce to Stracke. *Id.* ¶ 38.

Plaintiff left the United States on February 27, 2016 on Advance Parole to attend to his mother in Lebanon. *Id.* ¶ 26. Plaintiff attempted to reenter the United States on March 10, 2016, but was denied reentry at John F. Kennedy Airport. *Id.* ¶¶ 27, 43. The USCIS allegedly demanded that Plaintiff agree to an order of expedited removal before being allowed to depart the United States *Id.* ¶ 44. Plaintiff refused. *Id.* Plaintiff's counsel and wife went to the Mount

Laurel USCIS Office while he was at the airport to have the Field Office Director reopen the denied applications. *Id.* ¶ 46. The Field Office Director allegedly explained that the applications were denied under regulations that were inapplicable to Plaintiff. *Id.* ¶¶ 47-48. Plaintiff is now abroad and unable to be with his wife and two children. *Id.* ¶¶ 25, 28.

Plaintiff filed his original complaint on March 30, 2016. Plaintiff filed an amended complaint requesting mandamus relief pursuant to 28 U.S.C. § 1361 on June 13, 2016. Plaintiff's amended complaint requests that the Court order the USCIS to reinstate Plaintiff's I-131, reopen his I-130 and I-485, and allow Plaintiff to reenter the United States. *Id.* ¶ 69. Defendants submitted the instant motion to dismiss for lack of jurisdiction/motion to dismiss for failure to state a claim on June 27, 2016.

## II. LEGAL STANDARD

Where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff generally bears the burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A district court has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332; "federal question" jurisdiction under 28 U.S.C. § 1331; or jurisdiction supplemental to the original claim under 28 U.S.C. § 1367.

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233)). In other words, a complaint is sufficient if it contains

4

enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

The Plaintiff invokes 28 U.S.C. § 1361 (mandamus actions) as well as the Administrative Procedures Act (5 U.S.C. § 701 *et seq.*). The Court will discuss issues in the order Plaintiff raises them in his prayer for relief.

### A.  Allow Plaintiff to Reenter with an I-131

Plaintiff's complaint requests that the Court order the USCIS to reinstate his I-131 to allow him to reenter the United States pursuant to 28 U.S.C. § 1361. FAC ¶ 69. Defendants persuasively argue that this Court lacks subject-matter jurisdiction to review their decision to revoke this visa under the Immigration and Nationality Act. Defs.' Br. at 14-18 (Doc. No. 8-1).

Defendants cite the Immigration and Nationality Act ("INA") and case law to support this argument. The INA states that:

> Notwithstanding any other provision of law, (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review – . . .
> (ii) any other decision of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii). "[T]his subchapter" as it appears in section 1252(a)(2)(B)(ii) refers to subchapter II of Chapter 12 of Title 8, which includes sections 1151 through 1381. *See* 8 U.S.C. § 1151 *et seq.* The Secretary of Homeland Security's discretionary authority to revoke advance parole is clear from the plain language of section 1182(d)(5)(A).[3] Accordingly, the decision to revoke Plaintiff's advance parole is unreviewable by this Court.

Furthermore, mandamus is inapplicable to the Secretary's decision to revoke Plaintiff's advanced parole. "The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "A

---

3. The text of section 1182(d)(5)(A) states that the "Attorney General *may* . . . in his *discretion* parole" aliens into the United States. This language signals an instance where section 1252 divests the Court of jurisdiction to review the decision to revoke. *See Jilin Pharma. U.S.A. v. Chertoff*, 447 F.3d 196, 202 (3d Cir. 2006) (emphasis added).

party seeking the issuance of the writ of mandamus must 'have no other adequate means to attain the relief he desires,' and must show that the 'right to the issuance of the writ is clear and indisputable." *Volcy v. United States*, 469 F. App'x 82, 83 (3d Cir. 2012) (per curiam) (citing *Stehney v. Perry*, 101 F.3d 925, 934 & n.6 (3d Cir. 1996) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980))). "To have a 'clear and indisputable' right to the issuance of the writ under § 1361, the petitioner must show that he is owed 'a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Id.* at 84 (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir.1972) (en banc), *rev'd on other grounds*, 418 U.S. 166 (1974)). "Even where this burden is met, the court has discretion to deny the writ, 'even when technical grounds for mandamus are satisfied.'" *Bango v. Green–Allen*, No. 10–6180, 2011 WL 9500, at *3 (D.N.J. Jan.3, 2011) (quoting *Coombs v. Staff Attorneys,* 168 F.Supp.2d 432, 434–35 (E.D. Pa. 2001)).

Revocation of Plaintiff's advanced parole is a clear discretionary act. Accordingly, issuing a writ of mandamus requiring Defendants to reinstate Plaintiff's I-131 is inappropriate in the instant case.

**B. Order USCIS to Reopen Ms. Haidar's I-130 and Plaintiff's I-485**

Plaintiff also requests that the Court order Defendants to reopen Ms. Haidar's I-130 as well as his I-485 application for adjustment of status. FAC ¶¶ 64-65, 69. Defendants argue that Plaintiff's request should be denied because he is not currently eligible to adjust his status via an I-485. Defs.' Br. at 11-12.

Defendants' argument is premised on the status of Ms. Haidar's I-130 application. Defendants note that the Administrative Procedure Act ("APA") grants federal jurisdiction for review of *final* agency actions. Defs.' Br. at 10 (citing 5 U.S.C. § 704). The Supreme Court has

explained that an agency action is final when: "the action . . . mark[s] the 'consummation' of the agency's decision making process" and the action is "one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations omitted).

This Court has previously held that denial of an I-130 application was "not final agency action because Plaintiff appealed that decision to the BIA." *Naik v. Renaud*, 947 F. Supp. 2d 464, 472 (D.N.J. 2013), *aff'd*, *Naik v USCIS*, 575 F. App'x 88 (3d Cir. 2014). Defendants therefore argue that the Court lacks subject-matter jurisdiction for an APA challenge to denial of the I-130 because Ms. Haidar filed an appeal to the Board of Immigration Appeals ("BIA"). Defs.' Br. at 11-12; FAC ¶ 60. The Court finds that Defendants are correct. The Court lacks jurisdiction under the APA to review the initial denial of Ms. Haidar's I-130. Furthermore, because an appeal is pending before the BIA, there are no ministerial acts devoid of discretion connected to the I-130 which the Court can order by a writ of mandamus.

Defendants then argue that Plaintiff's I-485 cannot be reopened because his wife's I-130 petition has been denied and cannot be reopened at this time. *Id.* An I-485 is an application for adjustment of status. Federal regulations explain that an alien "may apply for adjustment of status to that of a lawful permanent resident . . . if the applicant is eligible to receive an immigrant visa and an immigrant visa is immediately available at the time of filing of the application." 8 C.F.R. § 245.1(a). Defendants argue that, because Ms. Haidar's I-130 was denied, there is no basis to reopen Plaintiff's I-485 because he has no immediately available visa. Defs.' Br. at 11. The Court agrees in light of its earlier holding that the Court lacks jurisdiction over the I-130 appeal. Accordingly, Plaintiff's request to reopen his I-485 is dismissed as a claim for which relief cannot be granted.

8

### C. Equitable Relief

Finally, Plaintiff's complaint requests that the Court allow him to reenter the United States during the pendency of the BIA appeal process. FAC ¶ 62. Defendants argue that Plaintiff has failed to state a valid claim for equitable relief.

First, Defendants argue that Plaintiff has not established a claim for equitable estoppel against the decision to exclude him from the United States. Defs.' Br. at 19-20. The Third Circuit has stated that a Plaintiff seeking equitable estoppel in the immigration arena "must establish (1) a misrepresentation; (2) upon which he reasonably relied; (3) to his detriment; and (4) affirmative misconduct." *Mudric v. Attorney General of U.S.*, 469 F.3d 94, 99 (3d Cir. 2006) (citation omitted). Defendants correctly point out that Plaintiff has failed to plead any misrepresentation regarding his ability to reenter the United States. Defs.' Br. at 20. Therefore, Plaintiff has not fully pleaded the grounds for equitable estoppel.

Defendants further argue that Plaintiff's request that the Court order USCIS to allow Plaintiff to reenter the United States is a functional request for the Court to review Plaintiff's expedited removal. *Id.* Defendants argue that the INA bars Courts from "enter[ing] . . . equitable relief in any action pertaining to an order to exclude an alien under section 1225(b)(1) except as specifically authorized . . . ." Defs.' Br. at 20 (quoting 8 U.S.C. § 1252(e)(1)). The statute clearly states that this Court may not enter equitable relief concerning Plaintiff's removal order. Accordingly, the Court will not review Plaintiff's expedited removal order.

The Court is unaware of any other equitable relief available to Plaintiff in light of the above discussion. Accordingly, Defendants' motion to dismiss Plaintiff's claim for equitable relief is granted.

**IV.  CONCLUSION**

For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**. An

appropriate order shall issue.


Dated:   02/10/2017                                       s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge